AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| MANUEL VASQUEZ-MONGIA | ) | 1:24-mj-848-TAB |
| a/k/a VASQUEZ-MUNGIA, | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____Sept. 11, 2024_____ in the county of _____Marion_____ in the
_____Southern_____ District of _____Indiana_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal Reentry of Removed Alien After Deportation |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____/s/ William Walden_____
*Complainant's signature*

_____Deportation Officer William Walden, ICE_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by_
_____telephone_____ *(reliable electronic means)*

Date:  _____9/25/2024_____

City and state:  _____Indianapolis, IN_____

_____Paul R. Cherry_____
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

**AFFIDAVIT FOR CRIMINAL COMPLAINT AND ARREST WARRANT:**

**Manuel VASQUEZ-MONGIA**

I, William Walden, being duly sworn upon oath, state as follows:

1.  I am a Deportation Officer (DO) with United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) and have been so employed since August 2011.  I am currently assigned to the Fugitive Operations Team at the ERO office in Indianapolis, Indiana.  I have a total of over fifteen (15) years of training and experience in the enforcement of the Immigration and Customs laws of the United States.  As part of my duties, I investigate criminal immigration violations, including illegal reentry into the United States.

2.  The following information is based upon my personal knowledge, information provided to me by other law enforcement personnel, and ICE records pertaining to the defendant, **Manuel VASQUEZ-MONGIA**,  a/k/a VASQUEZ-MUNGIA (hereinafter **VASQUEZ-MONGIA**).  Based on my training and experience in the investigation of federal immigration laws and my investigation of the facts outlined below, I have probable cause to believe that **VASQUEZ-MONGIA** is unlawfully present in the United States after having been previously removed from the United States by ICE, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

3.  **VASQUEZ-MONGIA** is a citizen of Mexico by birth having been born in Mexico on December 23, 1992.  **VASQUEZ-MONGIA** is neither a citizen nor a national of the United States.

4.  On September 11, 2024, I received information from the United States Marshals Service (USMS) Great Lakes Regional Fugitive Task Force (GLRFTF) that **VASQUEZ-**

1

MONGIA was believed to be residing 506 North Drexel Avenue, Indianapolis, Indiana, 46201. I conducted records checks based on the information provided by the USMS. Department of Homeland Security (DHS) records indicated that VASQUEZ-MONGIA has been previously removed from the United States to Mexico seven (7) times, most recently on February 29, 2016.

5. On September 11, 2024, I along with members of the USMS GLRFTF conducted an operation to locate VASQUEZ-MONGIA at 506 North Drexel Avenue, Indianapolis, Indiana, 46201, Marion County, located within the Southern District of Indiana. Officers observed a Hispanic male, who matched the physical description of VASQUEZ-MONGIA, exit the aforementioned address, and get into the front passenger seat of a silver Dodge Journey parked on the street in front of the residence. Officers approached the vehicle, identified themselves, and ordered VASQUEZ-MONGIA to exit the vehicle. VASQUEZ-MONGIA complied with commands and exited the vehicle. VASQUEZ-MONGIA was taken into custody without incident and transported to the Indianapolis ERO office for processing.

6. On September 11, 2024, Deportation Officer James Shields searched VASQUEZ-MONGIA's fingerprints in the ICE biometric identification system (IDENT) and were found to match the pre-existing immigration record associated with VASQUEZ-MONGIA. These fingerprints were also submitted to the Next Generation Identification (NGI) system and were found to match a pre-existing record associated with VASQUEZ-MONGIA.[1]

7. On September 11, 2024, I reviewed DHS databases and documents pertaining to VASQUEZ-MONGIA in Alien Registration File 201 283 799. The documents included:

---

[1] Next Generation Identification (NGI) system is a database is maintained by the Federal Bureau of Investigation as an electronic repository for biometric and criminal history information for the use by local, state, and federal law enforcement partners. It includes fingerprints, palm prints, irises, and facial recognition.

a) **First Removal (June 9, 2011):** 1) a Notice and Order of Expedited Removal (Form I-860) ordering **VASQUEZ-MONGIA** removed from the United States, on June 9, 2011; 2) a Notice to Alien Ordered Removed/Departure Verification, Form I-296, stating that **VASQUEZ-MONGIA** was prohibited from entering the United States for a period of five years, and **VASQUEZ-MONGIA** was removed to Mexico at Nogales, Arizona, on or about June 9, 2011.

b) **Second Removal (July 21, 2011):** 1) a Notice and Order of Expedited Removal (Form I-860) ordering **VASQUEZ-MONGIA** removed from the United States, on July 20, 2011; 2) a Notice to Alien Ordered Removed/Departure Verification, Form I-296, stating that **VASQUEZ-MONGIA** was prohibited from entering the United States for a period of five years, and **VASQUEZ-MONGIA** was removed to Mexico at Tucson, Arizona, on or about July 21, 2011.

c) **Third Removal (November 17, 2011):** 1) a government form I-871 (Notice of Intent/Decision to Reinstate Prior Order), dated November 16, 2011, reinstating **VASQUEZ-MONGIA'S** previous order of removal; 2) a Warrant of Removal/Deportation, Form I-205, revealing **VASQUEZ-MONGIA** was removed to Mexico at Nogales, Arizona, on or about November 17, 2011; 3) a Warning to Alien Ordered Removed or Deported, Form I-294, was served on or about November 16, 2011, stating that **VASQUEZ-MONGIA** was prohibited from entering the United States for a period of twenty years.

d) **Fourth Removal (February 10, 2012):** 1) a government form I-871 (Notice of Intent/Decision to Reinstate Prior Order), dated December 14, 2011, reinstating **VASQUEZ-MONGIA'S** previous order of removal; 2) a Warrant of

3

Removal/Deportation, Form I-205, revealing **VASQUEZ-MONGIA** was removed to Mexico at Calexico, California, on or about February 10, 2012; 3) a Warning to Alien Ordered Removed or Deported, Form I-294, was served on or about December 14, 2011, stating that **VASQUEZ-MONGIA** was prohibited from entering the United States for a period of twenty years.

e) **Fifth Removal (March 28, 2013):** 1) a government form I-871 (Notice of Intent/Decision to Reinstate Prior Order), dated October 14, 2012, reinstating **VASQUEZ-MONGIA'S** previous order of removal; 2) a Warrant of Removal/Deportation, Form I-205, revealing **VASQUEZ-MONGIA** was removed to Mexico at El Paso, Texas, on or about March 28, 2013; 3) a Warning to Alien Ordered Removed or Deported, Form I-294, was served on or about October 14, 2012, stating that **VASQUEZ-MONGIA** was prohibited from entering the United States for a period of twenty years.

f) **Sixth Removal (March 5, 2015):** 1) a government form I-871 (Notice of Intent/Decision to Reinstate Prior Order), dated August 27, 2014, reinstating **VASQUEZ-MONGIA'S** previous order of removal; 2) a Warrant of Removal/Deportation, Form I-205, revealing **VASQUEZ-MONGIA** was removed to Mexico at El Paso, Texas, on or about March 5, 2015; 3) a Warning to Alien Ordered Removed or Deported, Form I-294, was served on or about August 27, 2014, stating that **VASQUEZ-MONGIA** was prohibited from entering the United States for a period of twenty years.

g) **Seventh Removal (February 29, 2016):** 1) a government form I-871 (Notice of Intent/Decision to Reinstate Prior Order), dated February 29, 2016, reinstating

4

**VASQUEZ-MONGIA'S** previous order of removal; 2) a Warrant of Removal/Deportation, Form I-205, revealing **VASQUEZ-MONGIA** was removed to Mexico at Nogales, Arizona, on or about February 29, 2016; 3) a Warning to Alien Ordered Removed or Deported, Form I-294, was served on or about February 29, 2016, stating that **VASQUEZ-MONGIA** was prohibited from entering the United States at any time because he had been found inadmissible or excludable under Section 212 of the Immigration and Nationality Act (Act), or deportable under Section 241 or 237 of the Act, and ordered removed from the United States, and had been convicted of a crime designated as an aggravated felony as defined under Section 101(a)(43) of the Act.

8.   As part of my investigation, I reviewed ICE records, which indicate **VASQUEZ-MONGIA** has not obtained permission from the Attorney General or his successor, the Secretary of Homeland Security, to reenter the United States after having been removed.

9.   On September 11, 2024, I reviewed the criminal history pertaining to **VASQUEZ-MONGIA**.  On December 15, 2011,  **VASQUEZ-MONGIA (a/k/a/ Vasquez-Mungia)** was convicted of Illegal Entry, in violation of 8 U.S.C. § 1325(a)(1), in the United States District Court, District of Arizona, Tucson Division.  **VASQUEZ-MONGIA** received a sentence of 60 days of imprisonment with credit for time served.  He served 60 days imprisonment.  *See United States v. Manuel Vasquez-Mungia*, No. 4:11-po-35134-DTF (D. Ariz. 2011).  On August 28, 2014, **VASQUEZ-MONGIA** was again convicted of Illegal Entry, in violation of 8 U.S.C. § 1325(a)(1), in the United States District Court, District of Arizona, Tucson Division. *See United States v. Manuel Vasquez-Mungia*, No. 4:14-po-31089-EJM (D. Ariz. 2014). **VASQUEZ-MONGIA** received a sentence of 180 days imprisonment with credit for time served.  On January 5, 2016, **VASQUEZ-MONGIA (a/k/a/ Vasquez-Mungia)** was convicted

of Transportation of Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and

(a)(1)(B)(ii), in the United States District Court, District of Arizona.  *See United States v.*

*Manuel Vasquez-Mongia*, No. 4:15-cr-01718-CKJ-LAB (D. Ariz. 2015).  **VASQUEZ-**

**MONGIA (a/k/a/ Vasquez-Mungia)** received a sentence of six (6) months of imprisonment.

A conviction for transportation of illegal aliens is a qualifying conviction for an aggravated

felony pursuant to 8 U.S.C. § 1326(b)(2).  8 U.S.C. § 1101(a)(43)(N).

      Based on the foregoing, there is probable cause to believe that **VASQUEZ-MONGIA**

is an alien who has been found in the United States in Indianapolis, Indiana, Marion County,

within the Southern District of Indiana, after having been previously removed or deported from

the United States in violation of Title 8 United States Code § 1326(a) and (b)(2).

      AFFIANT FURTHER SAYETH NOT.


/s/ William Walden
William Walden
Deportation Officer


      Attested to by the applicant in accordance with the requirements of Fed. R. Crim.

P. 4.1 by telephone.

Date: 9/25/2024

Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana